GADSDEN PRODUCE CO. v. B. C. EMISON.

Western Section. March 2, 1928.

Avery & Avery, of Alamo, for plaintiff in error.
Jerman & Jerman, of Alamo, for defendant in error.

OWEN, J. The plaintiff's suit was dismissed and he has appealed. The Gadsden Produce Company is the trade name for M. E. Hopper. The plaintiff instituted his suit before a Justice of the Peace and from his judgment the cause was appealed to the circuit court of Crockett county where it was tried before the Circuit Judge without the intervention of a jury. Upon plaintiff's suit being dismissed he seasonably filed his motion for a new trial, which was overruled, and an appeal granted and perfected to this court and plaintiff has assigned errors.

Plaintiff's suit was to recover on a note executed November 15, 1925, and due twelve months after date, payable to the Gadsden Produce Company for the sum of $560. The note was first signed by D. R. Thomas, W. A. Thomas and B. C. Emison. Later, M. E. Hopper, the owner of the note, signed as a maker, or jointly with the other parties at defendant Emison's request. Emison filed a plea to the suit, and by said plea set up the following defenses: (1) That he signed as accommodation endorser or surety for D. R. Thomas,

with the understanding that D. R. Thomas, who was insolvent was to secure J. B. Edwards and D. T. Williams, both of whom were solvent, to sign jointly with Emison, and if these two parties declined to sign, D. R. Thomas was to return the note to defendant Emison. Edwards and Williams would not sign the note and shortly after Emison signed the note, D. R. Thomas delivered same to the payee and very soon thereafter the payee, M. E. Hopper, or Gadsden Produce Company transferred the note to the Alamo Auto Company, but the note not being paid at maturing M. E. Hopper took it up from the Alamo Auto Company and got the note back in his possession. The defendant further plead that Hopper did not part with any valuable consideration for the note sued on; that the said D. R. Thomas owed the plaintiff the amount for which the note was executed prior to the execution of the note and that this note was given for the old debt of D. R. Thomas to the plaintiff; that the plaintiff had no security from Thomas; that plaintiff's debt was wholly worthless. The defendant further plead that the plaintiff knew of the understanding between D. R. Thomas and defendant in regard to securing the signatures of D. T. Williams and J. B. Edwards to said note before it was to be completed.

It appears from the proof that as soon as Emison learned that Hopper had traded the note to the Alamo Auto Company the defendant called on the Auto Company and informed them he wasn't responsible for the note. Thereupon he went to see the plaintiff Hopper and he testifies that Hopper agreed to become responsible for one-half of the note; that defendant would not agree to this. Thereupon the defendant agreed that he would put up his own check for $200 and let it be credited on the note and he and Hopper would endeavor to collect the $200 from Thomas. The defendant gave the Alamo Auto Company a check for $200 and upon the receipt of defendant's check by the Auto Company they made the following credit on the note: "12/19/25 By credit $200 check B. C. Emison."

On December 19, 1925, the defendant gave the Alamo Auto Company a check for $200 on the Peoples Bank of Alamo, Tennessee and the check states "for D. R. Thomas note." On January 1, 1927 the Alamo Auto Company made the following notation on the back of the note in controversy: "This note was this day paid by the endorser Gadsden Produce Company and we have delivered same to said endorser together with a cold check of $200 given us by B. C. Emison representing the credit shown on said note, which was never paid. Said transfer is without recourse on us either in law or equity. (signed) Alamo Auto Co. by H. H. Edenton."

It appears that on January 21, 1927 the plaintiff paid the Alamo Auto Company $565.60 and took up the note in controversy, which had been given by the plaintiff to the Auto Company in payment for an automobile truck.

18

The plaintiff has assigned six errors in this court: The first error is that the court erred in refusing to strike defendant's plea upon motion of plaintiff. It is insisted that this plea or defense does not set up any issue. The defendant's plea is a plea in bar and he sets out certain reasons why the plaintiff is not entitled to recover. The court was not in error in overruling plaintiff's motion to strike, and this assignment is overruled.

The fourth assignment is, the court erred in dismissing the plaintiff's suit because there is no competent evidence in the record to sustain the judgment of the court. We are of opinion that this assignment must be sustained. The defendant testified that he agreed with the plaintiff that he would place a credit on the note for $200 provided the plaintiff would sign equally and jointly with defendant for the balance of the note, leaving $360.

The defendant in his testimony makes some excuse as to why he stopped payment on the check. The defendant testified that he had been willing to pay the $180—one-half the remainder of the note after the credit of $200.

From the undisputed testimony we are of opinion that the plaintiff and defendant agreed the day the credit was placed on the note to become liable for the nonpayment of this note—the balance of $360. The plaintiffs signed the note with this intention. The defendant issued a check and gave it to the Auto Company who placed the credit for $200 by a check on the back of the note to induce Hopper to sign the same.

We are of opinion that the defendant is liable for the $200 which he had entered as a credit but which was never paid, and one-half of the remainder—$180—or a total of $380; that Hopper is liable for one-half of the note—$360—or $180. The judgment of the lower court is reversed and judgment will be entered here in favor of Hopper for $380 which represents the $200 credit that was entered but never paid, to induce Hopper to sign the note and one-half of the remainder or $360 with interest on the $380 from the date of the maturity of the note and all the cost of the cause, including the cost of this appeal. The plaintiff will also recover of the defendant fifteen per cent of the amount of the principal adjudged due from defendant—$380 and interest—as attorney's fees, said note provided on its face that "the makers agree to pay all reasonable attorneys and collectors fees for collecting said note by suit or otherwise." The proof in the record shows that fifteen per cent would be a reasonable fee to allow the attorneys for plaintiff for this collection. The amount ascertained as attorneys fees will be included in the judgment against the defendant. Execution will issue in favor of the plaintiff against the defendant for the $380 with interest from November 15, 1926, and fifteen per cent of the $380 and the interest and all the cost of the cause.

Heiskell and Senter, JJ., concur.